IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MARINO CORTEZ GREEN,**

    Plaintiff,

v.

**REGIONAL MEDICAL CENTER, et al.,**

    Defendants.

Case No.: 03-2043 D A

---

ORDER GRANTING MOTION TO DISMISS

---

Before the court is Defendant City of Memphis January 11, 2005 Motion to Dismiss. More than six (6) months after service of the motion, Plaintiff has not responded. On February 25, 2005, the court issued a Show Cause Order requiring Plaintiff to file a response to Defendant's motion. Similarly, Plaintiff has failed to respond to the Show Cause Order. Accordingly, the court will decide the motion on the existing record.

On January 16, 2003, Plaintiff, Marino Cortez Green, filed a complaint under 42 U.S.C. § 1983. Plaintiff alleged that on or about October 15, 2002, he was beaten by the Regional Medical Center ("MED") security officers while he was handcuffed with his hands behind his back. Plaintiff alleged that the officers beat him because he refused an x-ray. Plaintiff named the MED Security Department as a defendant. By previous order entered April 22, 2003, the court directed that service issue against the MED. That order advised Plaintiff that he had failed to name the individual security officers who he alleged assaulted him as defendants. To the extent the complaint alleged the security officers were MED employees, the court construed the complaint as naming the MED as the

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

defendant. Plaintiff was further advised that, upon learning the identity of the officers, Plaintiff could seek to amend his complaint within the one-year statute of limitations applicable in § 1983 and personal injury actions. Tenn. Code Ann. § 28-3-104(a). On January 5, 2004, the MED filed its Answer to the complaint.

On October 19, 2004, Plaintiff filed a motion to amend his complaint based upon his discovery that the City of Memphis Police Department should be named as a defendant in this action. The Police Department is not a suable entity, therefore, the court construed Plaintiff's motion as seeking to add the City of Memphis as a defendant. *See generally Hafer v. Melo,* 502 U.S. 21 (1991).

The City of Memphis was never formally added or served, and the City of Memphis filed the instant motion to dismiss based on expiration of the statute of limitations.

Upon review of the entire record, the court finds that the complaint must be dismissed as Plaintiff has failed to amend the complaint, and the statute of limitations for bringing a complaint on the October 15, 2002 actions has expired.

Accordingly, Defendant's motion is GRANTED and Plaintiff's complaint is dismissed as to the City of Memphis.

**IT IS SO ORDERED** this ____ day of August, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 40 in case 2:03-CV-02043 was distributed by fax, mail, or direct printing on August 4, 2005 to the parties listed.

---

James F. Kyle
McLEARY DOMICO & KYLE, PLLC
100 Peabody Place
Ste. 1250
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Marino Cortez Green
600 Poplar Ave
Memphis, TN 38105

Honorable Bernice Donald
US DISTRICT COURT